# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **PROCARE AUTOMOTIVE LLC,** | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 5:21-cv-00896 |
| **MIDAMERICAN ENERGY SERVICES, LLC,** | |
| Defendants. | |

**DEFENDANT MIDAMERICAN ENERGY SERVICES, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, and in accordance with 28 U.S.C. § 1332, Defendant MidAmerican Energy Services, LLC ("Defendant") files this Notice of Removal and states as follows:

## INTRODUCTION

1. On or about August 11, 2021, Procare Automotive LLC ("Plaintiff") commenced an action against Defendant in the 225th Judicial District Court of Bexar County, Texas, bearing Cause No. 2021CI16308, by filing an Original Petition and Application for Temporary Restraining Order and Temporary Injunction (the "Petition"). The Petition seeks a declaratory judgment that Defendant engaged in price gouging and alleges that Defendant breached its contract with Plaintiff.

2. Bexar County is within the San Antonio Division of the Western District of Texas.

3. Plaintiff effectuated service on Defendant on August 20, 2021.

4. This Notice of Removal is therefore filed within 30 days after receipt by Defendant of a copy of the Petition in combination with service of the summons, making removal timely under 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999).

5. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a certified copy of the docket sheet in the state court action. Attached hereto as **Exhibit B** is a copy of all pleadings that assert causes of action, all answers to such pleadings, all process, and all orders filed in state court. Attached hereto as **Exhibit C** is a complete list of attorneys involved in the removal action, including each attorney's bar number, address, telephone number, and the parties represented by each party.

## BASIS FOR REMOVAL

6. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a), which provides for original jurisdiction in the District Court of all civil actions between citizens of different States where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Plaintiff alleges in the Petition that it is a Texas limited liability company doing business in the State of Texas. Pet. ¶ 2. On information and belief based on public documents, the sole member of Plaintiff is an individual who is a Texas citizen. Therefore, for diversity purposes, Plaintiff is a Texas citizen.

8. Defendant is a limited liability corporation incorporated in the State of Delaware that maintains its principal place of business and headquarters in Des Moines, Iowa. The sole member of Defendant is MES Holding, LLC, also a Delaware limited liability company. The sole member of MES Holding, LLC is Berkshire Hathaway Energy Company, which is an Iowa corporation with its principal place of business in Iowa. Therefore, for diversity purposes, Defendant is a citizen of Iowa.

9. Plaintiff seeks up to $250,000 in monetary relief. Pet. ¶ 4.

10. This Court, therefore, has original jurisdiction over this action because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332(a).

11. Accordingly, this action is removable because it is a civil action brought in a state court over which this Court has original jurisdiction under 28 U.S.C. § 1332, and removal is not sought by any party who has been properly joined and served that is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b).

### ADDITIONAL REMOVAL CONSIDERATIONS

12. Pursuant to 28 U.S.C. § 1446(d), prompt notice of filing for removal and a copy of this Notice of Removal will be filed with the 225th Judicial District Court of Bexar County, Texas and served upon both parties to this matter.

13. Defendant reserves the right to raise any objections or arguments with respect to the proper venue of this action.

14. Defendant is represented by the undersigned who certify, pursuant to Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

15. By removing this action from the State Court, Defendant does not waive any defenses available to it.

16. By removing this action from the State Court, Defendant does not admit any of the allegations in Plaintiff's Petition.

### CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction of this action as if it had been originally filed here, and for such other and further relief to which it may show itself justly entitled.

Dated:  September 20, 2021          Respectfully submitted,

/s/ *Brian E. Robison*
Brian E. Robison
  State Bar No. 00794547
Rachel W. Robertson (*admission pending*)
  State Bar No. 24098561
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3100
Facsimile: 214.571.2900
BRobison@gibsondunn.com
RRobertson@gibsondunn.com

**Counsel for Defendant**
**MidAmerican Energy Services, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal will be served by electronic mail and certified mail, return receipt requested on September 20, 2021, as follows:

Ryan C. Reed
Pulman, Cappuccio & Pullen, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

*Counsel for Plaintiff*
*Procare Automotive LLC.*

                                        */s/ Brian E. Robison*
                                        Brian E. Robison
                                        *Counsel for Defendant*
                                        *MidAmerican Energy Services, LLC*